IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LABORERS' DIST. COUNCIL PENSION     *
& DISABILITY TRUST FUND NO. 2,
*et al.*,                           *

    Plaintiffs                *

    v.                        *      CIVIL NO. JKB-12-2583

GEOFREEZE, INC.,                    *

    Defendant                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

### *I. Background*

This case was filed in August of 2012 by Plaintiffs, who are three multiemployer employee benefit plans (the "Funds"), as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(37)(A) and 1145, and two trustees of the Funds. They brought this action to enforce the Funds' rights to employer contributions, as established in the collective bargaining agreement ("CBA") between the union, Baltimore/Washington Laborers' District Council (the "Union"), and the employer, Geofreeze Construction Corporation ("GCC") and Geofreeze, Inc. ("Geofreeze"). (Compl., ECF No. 1.)

After Defendants were granted extensions of time to respond to the complaint, the parties jointly moved for a stay to permit time in which an audit of Defendants' records could be completed. (ECF No. 10.) In the Fall of 2013, the parties reported that the audit was completed, that GCC had filed for bankruptcy, but that Plaintiffs and Geofreeze were discussing a possible resolution of the case. (ECF No. 17.) Plaintiffs then voluntarily dismissed GCC (ECF Nos. 22,

23) and moved to lift the stay (ECF No. 24), and that motion was granted (ECF No. 27). They subsequently filed an amended complaint against Geofreeze, which was asserted to be liable under a single-employer theory, for the unpaid contributions to the Funds. (ECF No. 28.) After filing its answer to the amended complaint (ECF No. 30), Geofreeze filed a third-party complaint against the Union, asserting that if Geofreeze were found liable for the unpaid contributions, then the Union would be liable to Geofreeze under theories of fraud in the inducement and negligent misrepresentation based on statements made by an agent and employee of the Union, Eugene Pinder, to GCC in order to get GCC to agree to the CBA. (ECF No. 32.)

Plaintiffs' motion to strike the third-party complaint (ECF No. 33) is now pending before the Court. It has been briefed (ECF Nos. 35, 37), and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). The motion will be granted. The Union's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 38), will be deemed moot.

## II. *Standard for Allowing or Striking a Third-Party Complaint*

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Because Geofreeze's third-party complaint was filed 14 days after its answer, it was not necessary for Geofreeze to seek the Court's leave before filing. Nevertheless, Rule 14(a)(4) permits any party to move to strike the third-party claim. In that instance, the district court's decision whether to grant the motion is discretionary. *Duke v. R. F. C.*, 209 F.2d 204, 208 (4th Cir. 1954). *See also* Fed. R. Civ. P. 14, Advisory Committee Notes, 1963 Amendment ("the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim").

*III. Analysis*

When considering the substance of a third-party complaint, "[i]t is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *quoted in Scott v. PPG Industries, Inc.*, 920 F.2d 927, 1990 WL 200655, at *3 (4th Cir. 1990) (unpublished). For the sake of argument, the Court here assumes that Geofreeze's claim of liability against the Union is derivative of Plaintiffs' claim against Geofreeze. *See, e.g.*, *Northwestern Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1026-31 (6th Cir. 2001) (in ERISA case seeking unpaid fund contributions, permitting employer's third-party suit against union on ground of fraud in inducement in entering into CBA; not considering Rule 14); *Trs., Sheet Metal Workers' Local Union No. 80 Pension Trust Fund v. W.G. Heating & Cooling*, 555 F. Supp. 2d 838, 848-50 (E.D. Mich. 2008) (concluding employer's third-party complaint of fraud and misrepresentation against union derivative of ERISA action for unpaid employer contributions to employee benefit funds and, therefore, properly brought under Rule 14). That is not the only consideration, however, when considering whether a third-party claim should be allowed or stricken.

The Fourth Circuit has stated that a primary objective of third-party procedure is to avoid circuity and multiplicity of actions. *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962). Thus, the purpose of this procedure

> is to prevent circuity of action by drawing into one proceeding all parties who may become ultimately liable, so that they may therein assert and have a determination of their various claims inter sese. This is intended to save the time and cost of duplicating evidence and to obtain consistent results from identical or similar evidence, as well as to avoid the serious handicap of a time lag between a judgment against the original defendant and a judgment in his favor against the third-party defendant.

*Am. Export Lines, Inc. v. Revel*, 262 F.2d 122, 124-25 (4th Cir. 1958).

In *Duke v. R. F. C.*, the Fourth Circuit considered whether the district court should have stricken a third-party complaint based upon the third-party complaint's distinctive separateness from the plaintiff's main action. The Court noted that the strongest ground asserted for reversing the district court's decision was "that the various claims involved in this complicated litigation all have a common source and that it would be more economical and expeditious to adjudicate them in [a] single civil action." 209 F.2d at 208. However, the Court gave due consideration to the district court's observation that the original action was one for breach of contract while the third-party action was "'a separate and distinct controversy between parties subsequently impleaded, namely, the main contractor and one of his subcontractors involving entirely distinct issues of alleged fraud and misrepresentation on the part of the former in his business relations with the latter.'" *Id.* at 208-09. The Court further noted that the third-party plaintiffs were not seriously prejudiced by the district court's ruling since they could sue the third-party defendant in State court. *Id.* at 209.

The Court distinguished the case of *Glens Falls Indem. Co. v. Atlantic Bldg. Corp.*, 199 F.2d 60 (4th Cir. 1952), in which the facts the plaintiff was required to establish in its claim against the defendant insurer were the same facts relevant to the insurer's third-party claim against the insured's president. *Id.* at 63. Thus, in *Glens Falls*, the Court reversed the district court's dismissal of the third-party complaint, *id.* at 64, but in *Duke*, the Court affirmed the striking of the third-party complaint, 209 F.2d at 209. In *Noland*, the Court also focused on the similarity of facts underlying the plaintiff's original claim and those underlying the third-party claim. Consequently, whether one breach of contract caused a breach of another contract was

considered to be appropriate as the subject matter of a third-party complaint. 301 F.2d at 49-50. Even so, the Court noted,

> Situations might arise where independent claims between a third-party plaintiff and a third-party defendant, even though growing out of the same transactions involved in the original action and the claim of right to indemnification, could not be litigated expeditiously and without serious or seemingly endless complications.

*Id.* at 50.

In the instant case, a factual dichotomy exists between Plaintiffs' original claim and Geofreeze's third-party claim. Only two questions need to be answered in the original suit: (1) Can Geofreeze be held liable on the CBA under a single-employer theory?, and, if so, (2) Was the CBA breached by Geofreeze due to its failure to make contributions to the Funds? In contrast, whether Geofreeze is liable to the Funds is but a departure point to journey into the unrelated territory of whether GCC originally entered into the CBA based on the Union's fraudulent inducement or negligent misrepresentations.[1] Even if Geofreeze is successful in a court action against the Union, liability by Geofreeze to the Funds under the CBA remains unchanged. *See Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 774-75 (9th Cir. 1986) (employer's claim that union had fraudulently induced employer to enter into CBA would, if proven, only make CBA voidable, not void *ab initio*; latter could be accomplished by proof of fraud in execution). The result would be undue complication in the resolution of Plaintiffs' claim against Geofreeze.[2] Because the two claims are so divergent, they would necessarily

---

[1] For the purpose of the Court's analysis under Rule 14(a)(4), the Court has not addressed Plaintiffs' separate argument as to whether Geofreeze has standing to assert a claim on behalf of GCC against the Union (Pls,' Mot. Strike Supp. Mem. 17) because, even if Geofreeze has such standing, the better exercise of the Court's discretion is to strike the third-party complaint based upon considerations generally applicable under Rule 14(a)(4) and specifically in ERISA cases.

[2] The Court notes Plaintiffs' additional argument that Plaintiffs' claim is equitable in nature and the third-party claim is legal in nature; therefore, they assert, Plaintiffs' claim would be resolved by the Court and the third-party claim would be resolved via jury trial. (Pls.' Mot. Strike Supp. Mem. 8.) Certainly, some Fourth Circuit precedent exists for the principle that ERISA actions are only equitable cases to be resolved without a jury, but those cases seem to be premised on claims that fiduciaries breached their duties. *See, e.g.*, *Dameron v. Sinai Hosp. of*

5

proceed on different tracks, with discovery on Plaintiffs' claim limited to evidence supporting the single-employer theory of liability and discovery on the third-party claim focused on precontract formation conduct not involving Plaintiffs, and with dispositive motions having no overlap in substance.

An opinion of this Court many years ago has stood the test of time in evaluating the issue now before the Court. In *Lee's Inc. v. Transcon. Underwriters of Transcon. Ins. Co.*, 9 F.R.D. 470 (D. Md. 1949), Judge Chesnut noted the mandate of Federal Rule of Civil Procedure 1 to construe the Rules "to secure the just, speedy, and inexpensive determination of every action" and also noted, "The main purpose to be gained by applying the rule [permitting impleader] is economy of time of the courts, parties and witnesses, and the avoidance of expense and delay involved in trying a case twice where once would suffice." *Id.* at 471, 472. Specifically addressing the argument that the Court could conduct two trials to resolve the different claims, he stated:

> It is true that the court would have the power to order separate trials of the two cases, one in contract and the other in tort . . . . But as the principal reason for allowing the impleader was the saving of time and expenses, there seems to be no good reason for keeping the impleaded third-party defendants in the particular case unless one trial would be sufficient for both issues.

*Id.* at 473. The same reasoning applies to the instant case. The Court would effectively be conducting dual proceedings to resolve the original claim and the third-party claim. *See also U.S. Commodity Futures Trading Comm'n v. Calvary Currencies LLC*, Civ. No. DKC-04-1021,

---

*Baltimore, Inc.*, 815 F.2d 975 (4th Cir. 1987); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985). The present action by Plaintiffs is, as alleged, to enforce Geofreeze's statutory duty to make employer contributions to employee benefit funds. The Third Circuit has found a jury trial right if such an enforcement action is premised upon section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which permits a court to award both legal and equitable relief, but no jury trial right if the action is based upon section 502(a)(3), 29 U.S.C. § 1132(a)(3), which only allows equitable relief. *Sheet Metal Workers Local 19 v. Keystone Heating and Air Conditioning*, 934 F.2d 35, 39-40 (3d Cir. 1991). Plaintiffs in the instant case have stated their jurisdictional claim under § 1132(a)(3) but their prayer for relief includes remedies available under § 1132(g)(2). The Court finds sufficient complication in the case otherwise such that it is unnecessary to address this additional argument.

2005 WL 263902 (D. Md. Feb. 2, 2005) (striking third-party complaint that "would merely 'introduce unrelated issues and unduly complicate'" main claim).

Finally, the Fourth Circuit has observed the evolution of fund contribution collection actions before and after the enactment of ERISA's mandate of employer contributions under the terms of a CBA and noted,

> Before section 515 [of ERISA] was enacted, collection actions by multiemployer plans often were complicated by issues that had arisen between the employer and the local union but were unrelated to the employer's obligation to the plan. Injecting these tangential issues into collection actions consumed plan resources by increasing the cost and delay involved in litigation. . . .
>
> Section 515 strengthens the position of multiemployer plans by holding employers and unions to the literal terms of their written commitments. . . . By allowing multiemployer funds to enforce the literal terms of an employer's commitment, section 515 increases the reliability of their income streams, reduces the cost and delay associated with collection actions, and reduces or eliminates the cost of monitoring the formation of collective bargaining agreements.

*Bakery and Confectionery Union and Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021-22 (4th Cir. 1997) (citations omitted). Consistent with the *Ralph's Grocery* opinion, the Ninth Circuit affirmed the district court's denial, in an ERISA collection action, of the employer's third-party complaint asserting, *inter alia*, fraud against the union. *Rozay's Transfer*, 791 F.2d at 777. The court noted,

> It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action. The district court reasonably concluded that impleading the union would be inconsistent with the purposes of ERISA in providing a streamlined and simplified procedure for employee benefit trust funds to collect delinquent contributions.

*Id.* (citation omitted). Thus, the special nature of this kind of ERISA case should be taken into account when considering the appropriateness of a third-party complaint. When so considered, the third-party complaint is clearly detrimental to "the just, speedy, and inexpensive determination" of the Plaintiffs' complaint.

7

Finally, the Court finds no prejudice to Geofreeze in striking the third-party complaint inasmuch as it can pursue the same claim in separate litigation. *See Duke*, 209 F.2d at 209 (no serious prejudice to third-party plaintiffs in disallowing third-party complaint because claim could be asserted in State court). *See also Aetna Cas. & Sur. Co. v. Barboursville Am. Legion Post 177, Inc.*, 966 F.2d 1441, 1992 WL 132857, at *5 (4th Cir. 1992) (unpublished) ("in order to challenge successfully the dismissal without prejudice of a properly grounded third-party claim, a defendant must show more prejudice than the mere prospect of renewed litigation"). Instead, the Court concludes the prejudice to Plaintiffs far outweighs any prejudice to Geofreeze.

## *IV. Conclusion*

Because the third-party complaint unnecessarily injects unrelated issues into the Court's resolution of Plaintiffs' claim and thereby unduly complicates the proceedings, resulting in inevitable additional expense to Plaintiffs and delay in disposition of the original complaint, the Court concludes Plaintiffs' motion to strike the third-party complaint is meritorious and shall be granted. The Court does not address Plaintiffs' alternative arguments pertaining to standing or preemption. A separate order will issue, to be followed by correspondence with counsel pertaining to a scheduling conference.

DATED this <u>11th</u> day of March, 2014.

                                                  BY THE COURT:

                                                  _____/s/_____
                                                  James K. Bredar
                                                  United States District Judge